# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALMA LOPEZ, | ) | Case No.: 1:17-cv-01501-BAM |
| Plaintiff, | ) ) | **ORDER REGARDING PLAINTIFF'S** |
| v. | ) ) | **SOCIAL SECURITY COMPLAINT** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

## <u>INTRODUCTION</u>

Plaintiff Alma Lopez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 8, 9.)

and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed applications for supplemental security income on April 21 and May 8, 2014, and an application for disability insurance benefits on April 23, 2014.  AR 195-203, 207-08, 209-12.[2] Plaintiff alleged that she became disabled on June 20, 2013, due to lower back pain/bilateral leg pain, degenerative disc disease, herniated disk, and numbness and pain on her left leg.  AR 227-28. Plaintiff's applications were denied initially and on reconsideration.  AR 127-31, 136-40. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  ALJ John Heyer held a hearing on July 1, 2016, and issued an order denying benefits on August 16, 2016.  AR 18-30, 35-52.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

### Hearing Testimony

The ALJ held a hearing on July 1, 2016, in San Francisco, California.  Plaintiff appeared with her attorney, Michelle Shvarts.  Impartial Vocational Expert ("VE") Robin Scher also appeared.  AR 21, 37.

In response to questioning by the ALJ, Plaintiff testified that she worked as a phlebotomist/ medical assistant from 2005 until June 20, 2013.  Prior to that, she worked at a swap meet selling clothes with her mother.  She stopped working in 2013 because epidural injections in her back no longer worked.  She has degenerative disc disease in her lower back and sciatic nerve problems down both her legs.  She does not have any mental health limitations.  AR 38-41.

When asked about her abilities, Plaintiff testified that the most she can lift is five pounds.  She can stand twenty minutes, walk twenty minutes and sit twenty minutes.  On a typical day, she stays in bed.  When she does get up, she will shower, eat and tend to her two younger kids, but always is adjusting, shifting and having to go back to bed.  Her kids vacuum, sweep and do laundry.  Plaintiff cooks, but she does not do dishes or grocery shop.  She sometimes attends school activities for her

---

[2]      References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

children.  She does not exercise but does walk around the block.  She sometimes watches TV and will read.  She does not use a computer or have any hobbies.  AR 42-45.

Plaintiff testified that she takes several medications, including Dilaudid for pain, Soma as a muscle relaxer, estradiol for hormones, Effexor for depression and some skin medications.  The medications cause side effects, making her sleepy and drowsy.  She also has a stimulator implanted that stimulates her extremities, legs.  It helps, but there is no other plan for treating her back.  AR 45-46.

In response to questions from her attorney, Plaintiff testified that her pain medication makes her sleepy, numbing her so that she can sleep.  She takes it every six hours.  She still experiences pain while on the medication.  Plaintiff also testified that she can use the stimulator every day.  She tries not to because she does not want her body to get used to it and have it stop helping.  She still experiences pain when using the stimulator.  The pain is in her lower back, down her legs and through to sciatic nerves.  She also has numbness in her legs, and sometimes cannot walk.  She sometimes uses a walker, crutches or a cane.  She spends about 90 percent of the day lying down because of the pain.  AR 46-48.

Following Plaintiff's testimony, the ALJ elicited testimony from VE Robin Scher.  The VE classified Plaintiff's past work as medical assistant, light level.  AR 49.  The ALJ also asked the VE hypothetical questions.  For the first hypothetical, the ALJ asked the VE to consider an individual that could lift 10 pounds, sit for six hours in an eight-hour day, stand and walk two hours in an eight-hour day and limited to simple, repetitive tasks.  The VE testified that such an individual would not be able to perform Plaintiff's past relevant work, but would be able to perform the full range of unskilled, sedentary.  There also would be several jobs in the light category.  The jobs in the light category would not be consistent with the Dictionary of Occupational Titles ("DOT"), but would be consistent with the VE's experience as a vocational rehabilitation counselor.  AR 49-50.

For the second hypothetical, Plaintiff's attorney asked the VE to consider the same hypothetical person who could sit for 20 minutes at time, stand for 20 minutes at time with a total sit time of one to two hours, a total stand and walk time of one to two hours and occasionally lift less than 10 pounds.  The VE testified that this would be less than full-time work.  AR 51.

3

For the third hypothetical, Plaintiff's attorney asked the VE to consider the same hypothetical person who is off task 25 percent of the day. The VE testified that the person would not be able to maintain employment. AR 51.

For the fourth hypothetical, Plaintiff's attorney asked the VE to consider that the person would be absent from work approximately three to four days a month. The VE testified that this person would not be able to maintain employment. AR 51.

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 21-30. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since June 20, 2013, her alleged onset date. AR 23. The ALJ identified degenerative disc disease in the lumbar spine as a severe impairment. However, the ALJ determined that the severity of Plaintiff's impairment did not meet or equal any of the listed impairments. AR 24. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work and can lift 10 pounds, sit for 6 hours in an 8-hour day, stand and walk for 2 hours in an 8-hour day and is limited to simple, repetitive tasks due to side effects of medication. AR 24-28. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including the full range of unskilled sedentary work and some light occupations. AR 28-29. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 29-30.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*,

4

402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Plaintiff argues that the ALJ improperly rejected the opinion of her treating physician, Dr. John L. Brazill.  Plaintiff also argues that the ALJ failed to properly assess her testimony.

///
///
///
///
///
///

## A. Treating Physician's Opinion

Plaintiff first argues that the ALJ improperly dismissed the opinion of her treating physician, Dr. John L. Brazill.[4]  (Doc. No. 12 at 2-6.)

Cases in this circuit identify three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  As a general rule, more weight should be given to the opinion of a treating source than to the opinions of doctors who do not treat the claimant.  *Id.*  Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* If the treating physician's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence in the record to reject this opinion.  *Id.*  "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" T*revizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).

Here, Dr. Brazill authored various opinions and medical source statements all of which reflected that Plaintiff was unable to perform even sedentary work.  For instance, on April 18, 2014, Dr. Brazill opined that Plaintiff had been unable to work since June 2013, and was "permanently totally disabled," "unable to perform her usual job activities" and "unable to engage in gainful employment of any kind."   AR 703.  On September 9, 2015, Dr. Brazill completed a Medical Source Statement of Ability to do Work Related Activities (MENTAL) form, and indicated that Plaintiff had restrictions of daily living, difficulties in maintaining concentration, persistence and pace and, on

---

[3]     The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[4]     Plaintiff's briefing characterizes Dr. Brazill as her "long time orthopedic surgeon."  (*See* Doc. No 12 at 2.)  However, according to the record, Dr. Brazill provided pain management treatment through Bakersfield Pain Management, Inc. and is described as "Board Certified by the American Board of Anesthesiology in Pain Medicine and Anesthesiology."  *See*, *e.g.*, AR 701.  In short, the record does not support Plaintiff's characterization of Dr. Brazill as her treating orthopedic surgeon.

average, would be absent for more than 3 days due to chronic pain and would be off task for more than 30% of an 8-hour workday. AR 468-70. On September 10, 2015, Dr. Brazill completed a Medical Source Statement of Ability to do Work Related Activities (PHYSICAL) form and concluded that Plaintiff was permanently disabled.[5] AR 472-74. Additionally, on May 2, 2016, Dr. Brazill opined that Plaintiff was "permanently totally disabled" and was "incapable of engaging in any gainful employment." AR 517-20.

Dr. Brazill's opinions that Plaintiff was precluded from all work were contradicted by the opinions of the consultative examiners, Dr. Dale H. Van Kirk and Dr. Birgit Siekerkotte.[6] AR 445, 459-60. Thus, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Brazill's opinion.

In evaluating Dr. Brazill's opinion, the ALJ reasoned as follows:

> Dr. Brazill authored multiple medical source statements finding limitations that essentially preclude the claimant from even sedentary work []. Dr. Brazill's opinion is given little weight, because it is not consistent with the medical evidence as a whole, including his own treatment notes, which showed significant improvement in pain after the spinal cord stimulator implantation. He also found the claimant capable of only occasional reaching, handling, and fingering, despite no complaints of pain or limited functioning in the bilateral upper extremities, and no objective findings to support those limitations. Additionally, his opinion is contradicted by the mild degenerative findings on imaging. Moreover, he also authored several letters, indicating that claimant was

---

[5]     Dr. Brazill further opined that Plaintiff could walk 1-2 city blocks, sit for 20 minutes at one time, stand for 20 minutes at one time, sit less than 2 hours total in an 8-hour workday, stand/walk less than 2 hours total in an 8-hour workday, and must use a cane. She would need a job that permitted shifting positions at will and would need to have unscheduled breaks multiple times per day to lie down for 30-60 minutes. Dr. Brazill further opined that Plaintiff could lift less than 10 pounds occasionally, rarely 10 pounds, could never twist, stoop, crouch, squat or kneel, could rarely climb ladders or balance and could occasionally climb stairs. She did not have any significant limitations with reaching, handling or fingering, and occasionally could handle, finger, and reach. She also likely would be off task for 25% or more of an 8-hour workday and would be absent more than 3 days. She could not be exposed to any extreme environmental conditions. AR 472-74.

[6]     In relevant part, Dr. Van Kirk opined that Plaintiff should be able to stand and walk cumulatively for four hours out of an eight-hour day, sit cumulatively for four hours out of an eight-hour day, use her cane more frequently for even and uneven terrain when she is having difficult days, could lift and carry 20 pounds occasionally, 10 pounds frequently, limited to only occasional postural activities, no manipulative limitations, and should not be required to work in an extremely cold and/or damp environment or at unprotected heights. AR 445. Similarly, Dr. Siekerkotte opined that Plaintiff could stand up to four hours with breaks and changes of position, had no limitations on her sitting capacity, could use a cane or crutches as need, could lift and/or carry 10 pounds occasionally and frequently, could kneel and crawl frequently, could climb stairs and ladders, stop and crouch occasionally, she had no limitation for fingering or feeling in a seated position and reaching and handling were limited to frequently. AR 459-60. She also was limited to with working at heights and with heavy machinery. AR 460.

"permanently totally disabled" [], which is a conclusory statement, and is an opinion on an issue reserved for the Commissioner pursuant to 20 CFR 404.1527(e) and 416.927(e).

AR 27.

As noted above, Plaintiff argues that the ALJ erred in his evaluation of Dr. Brazill's opinion. The Court disagrees and finds that the ALJ provided specific and legitimate reasons for discounting that opinion. As one reason, the ALJ discounted Dr. Brazill's opinion of total disability because it was inconsistent with treatment notes and medical evidence that showed significant improvement in Plaintiff's pain after implantation of a spinal cord stimulator. AR 27. Impairments that can be eliminated by treatment are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d at1001, 1006 (9th Cir. 2006). An ALJ may reasonably assign little weight to a treating physician's opinion that is not representative of a claimant's long-term functioning due to subsequent improvement in his or her condition. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Indeed, an ALJ may reasonably cite a claimant's effective treatment as a reason to discount the extreme limitations posited by a treating source. *See Senko v. Astrue*, 279 Fed.App'x. 509, 511 (9th Cir. May 22, 2008) (unpublished) (finding ALJ properly rejected treating doctor's opinion where opinion was not supported by doctor's treatment notes, which showed claimant was "doing well on her medications"); *cf. Jenkins v. Berryhill*, No. 2:18-cv-00058 CKD, 2019 WL 1023894, at *5 (E.D. Cal. Mar. 4, 2019) (noting ALJ reasonably cited plaintiff's conservative and generally effective treatment as a reason to discount the extreme limitations posited in treating source statement).

According to the record, Plaintiff had a spinal cord stimulator implanted in June 2014. AR 410. In his decision, the ALJ expressly noted that Plaintiff "was generally doing well after the implantation," and cited treatment records from Plaintiff's primary care provider, Dr. Ajitpal Tiwana, that "noted little complaints of back pain, and no imitations in range of motion." AR 27 (citing Exhibit 13F). A review of Dr. Tiwana's treatment records for the period between September 12, 2015, and April 22, 2016, reflect minimal objective findings or complaints of pain. On September 12, 2015, while Plaintiff had tenderness on her lower back, she also had normal range of motion for all four extremities, no edema, and no motor or sensory deficits. AR 482-83. On February 24, 2016, Plaintiff reported no back pain, no pain in muscles or joints, and no limitation of range of motion, no

paresthesia or numbness and no upper or lower extremity pain or swelling. AR 480. On examination, she had no tenderness in her back and normal range of motion for all four extremities, no edema, and no motor or sensory deficits. AR 481. On April 22, 2016, Plaintiff again reported "No Back Pain. No pain in muscles or joints, no limitation of range of motion, no paresthesia or numbness." AR 478. On examination, she had no tenderness in her back and "normal range of motion for all four extremities for her age." AR 479.

Further, Dr. Brazill's own treatment records in the months following the permanent implant indicated that Plaintiff was doing well and obtaining good relief from the implant. For example, in July 2014, he noted Plaintiff was "getting good relief" from the implant. AR 451. In September 2014, Plaintiff reportedly was "[d]oing much better," had "very good coverage" and had increased relief with the implant. AR 450. In November 2014, Dr. Brazill emphasized that the implant was "working well." AR 449 (emphasis in original). In January 2015, although Plaintiff complained of right lower extremity pain and weakness, Dr. Brazill stressed that the SCS implant was "helping." AR 448 (emphasis in original). In February 2015, despite complaints of numbness in her right lower extremity, Dr. Brazill's treatment notes continued to indicate that the implant was "providing relief." AR 446. In March 2016, Plaintiff was reported to be "doing well" with her medications. AR 526. Although Plaintiff complained of low back pain and numbness on April 12, 2016, and pain, reduced range of motion and motor and sensory deficits on May 2, 2016, near contemporaneous records from Dr. Tiwana revealed no pain, no limits in range of motion and no paresthesia or numbness. AR 519, 478-79.

Based on the records of Dr. Tiwana and Dr. Brazill, the Court finds that the ALJ's determination that Plaintiff's pain improved after implantation of the stimulator is supported by substantial evidence.

As the next reason for discounting Dr. Brazill's opinion, the ALJ noted that Dr. Brazill limited Plaintiff to only occasional reaching, handling, and fingering, "despite no complaints of pain or limited functioning in the bilateral upper extremities, and no objective findings to support those limitations." AR 27. An ALJ may properly reject a treating physician's opinion that is unsupported by his own treatment notes. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (finding ALJ

9

properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [the physician] opined should be imposed on [claimant]"); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider.") (citations omitted); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Relevant treatment records from Dr. Brazill do not contain complaints of upper extremity pain or objective findings supporting limitations in reaching, handling or fingering. AR 421, 426, 446, 448-51, 453, 472-74, 517-20, 523, 526, 528, 556, 558, 560-61, 565, 572, 574, 672-73, 676, 691, 701-03, 704, 713, 729, 731. Plaintiff attempts to argue that evidence of limited upper extremity functioning does exist because she "testified that she had very minimal ability to perform even the simplest of household chores as she could not vacuum, sweep, do laundry, do dishes or grocery shop." (Doc. No. 12 at 4.) Plaintiff's argument is misplaced as it is evident from the decision that the ALJ rejected Dr. Brazill's opinion because his own treatment notes included no objective findings regarding fingering, handling and reaching. Plaintiff does not identify any treatment notes from Dr. Brazill reflecting either complaints of upper extremity pain or objective findings supporting limitations in Plaintiff's reaching, handling and fingering. The Court therefore finds that the ALJ's determination is supported by substantial evidence.

For the third reason, the ALJ discounted Dr. Brazill's opinion because it was contradicted by "mild degenerative findings on imaging." AR 27. An ALJ may properly reject a treating physician's opinion that is unsupported by clinical findings. *See Kohansby v. Berryhill*, 697 Fed.App'x 516, 517 (9th Cir. 2017) ("The ALJ provided specific and legitimate reasons supported by substantial evidence for assigning little weight to Dr. Gritzka's opinion: (1) objective findings such as MRI and x-ray reports and treatment notes support the rejection of Dr. Gritzka's opinion that Kohansby could not perform "sedentary work"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that when confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings.) In this case, the ALJ's

decision to discount Dr. Brazill's opinion based on the imaging records is supported by substantial evidence. The ALJ cited an August 29, 2013 MRI that showed "minimal spondylosis from L2-3 through L5-S1 and mild levoscoliosis," "small chronic right foraminal disc protrusion resulting in mild right foraminal stenosis at L4-5," small left dorsal annular tear but no significant stenosis at L3-4." It was noted that there were no significant interval changes since October 13, 2011, other than the partial "resorption and desiccation of the tiny right disc protrusion at L5-S1." AR 381-82. The ALJ also cited a December 4, 2013 MRI that showed only "mild multilevel degenerative lumbar spondylosis without significant change from the August 29, 2013 examination," no significant change from prior examination at L4-L5, and the small tear at L3-4 was again noted. AR 379-80. Additionally, the ALJ considered that Plaintiff had an orthopedic consultation with Dr. George Wabba on December 20, 2013. Dr. Wabba reviewed Plaintiff's recent MRI and determined that Plaintiff had "relatively mild spondylosis and degenerative disc disease," but did not have "any particularly impressive stenosis or other focal findings that correlate[d] well with her symptoms." AR 387. Indeed, Dr. Wabba did not believe that surgery would benefit her. *Id.*

Plaintiff's reference to other non-imaging evidence in the record, including the examination findings of the consultative examiners, is not sufficient to demonstrate that the ALJ erred in his evaluation of the imaging results. (Doc. No. 12 at 4-6.) As the Commissioner points out, despite identifying functional limitations on examination, the consultative examiners did not find that Plaintiff was precluded from all work at any exertional level. Rather, they determined that Plaintiff's limitations were consistent with sedentary level work. AR 27, 445, 449-60.

As the fourth reason for discounting Dr. Brazill's opinion, the ALJ rejected Dr. Brazill's statement that Plaintiff was "permanently totally disabled" as conclusory and an opinion reserved for the Commissioner. AR 27. Contrary to Plaintiff's suggestion that the ALJ erred by citing this reason, the ALJ was not required to give any special significance to Dr. Brazill's opinion that Plaintiff was "totally disabled," because this is a determination reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see also McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases,

it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.").

Based on the above, the Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence to discount the opinion of Plaintiff's treating physician, Dr. Brazill. Moreover, the ALJ was entitled to rely on the opinions of the consultative examiners, which were based on independent examinations. *See Tonapetyan*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding opinion of a consultative examiner that rests on the examiner's own independent examination and clinical findings alone was substantial evidence for rejecting conflicting opinion from a treating source); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985). Plaintiff has not challenged the ALJ's decision to afford significant weigh to the opinions of the consultative examiners. AR 27.

### B.  Evaluation of Plaintiff's Testimony

Plaintiff next argues that the ALJ erred by dismissing her subjective testimony for the "sole reason that it was apparently not supported by objective medical evidence." (Doc. No. 12 at 7.) The Commissioner counters that ALJ appropriately discounted Plaintiff's subjective statements regarding the intensity, persistence, and limiting effects of her symptoms. (Doc. No. 16 at 21.)

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but rejected her statements concerning the intensity, persistence and limiting effects of those symptoms. AR 25. In so doing, the Court finds that the ALJ provided several specific, clear and convincing reasons for discounting Plaintiff's testimony.

First, the ALJ appropriately considered the objective evidence, mainly the diagnostic studies, which showed only mild degenerative changes. AR 27. Although lack of medical evidence cannot

form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider. *See Burch v. Barhart*, 400 F.3d 676, 681 (9th Cir. 2005). An ALJ may properly discount a claimant's allegations of severe pain where diagnostic images identify only mild conditions. *Id.* As discussed above, diagnostic images in this case identified only mild degenerative changes that were consistent over time. AR 381-82, 379-80.

Second, the ALJ appropriately considered that Plaintiff's pain improved after the spinal cord stimulator implantation. AR 26-27. The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). As previously noted, impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of Social Security benefits. *Warre*, 439 F.3d at 1006.

Third, the ALJ considered that Plaintiff's "allegedly disabling impairment was present at approximately the same level of severity prior to the alleged onset date" and the "fact that the impairment did not prevent [her] from working at that time strongly suggests that it would not now." AR 27. 25. A review of the record confirms that Plaintiff's back condition was not appreciably worse after she stopped working. An August 2013 MRI taken after Plaintiff's alleged onset date was noted to be consistent with an October 2011 MRI completed when she was still working. AR 381-82. Thus, the ALJ provided a clear and convincing reason for discrediting Plaintiff's back complaints. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir.1988) ("[s]ubstantial evidence indicated that the condition of [the claimant's] back had remained constant for a number of years and that her back problems had not prevented her from working over that time"); *Shelebian v. Colvin*, No. CV 13-6364-MAN, 2015 WL 1006581, at *6 (C.D. Cal. Mar. 5, 2015) (finding ALJ provided clear and convincing reason for discounting claimant's back complaints where condition was "essentially unchanged from his working days" and he "worked for many years despite his back problems").

For these reasons, the Court finds that the ALJ's assessment of Plaintiff's subjective complaints is free of reversible error. Even if one of the reasons provided could be found inadequate,

there are sufficient other reasons provided to support the credibility determination. *See Batson*, 359 F.3d at 1197.

### CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Alma Lopez.


IT IS SO ORDERED.

Dated:   **March 25, 2019**                          /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE